IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CELETHA CHATMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20-cv-5759 |
| vs. | ) | |
| | ) | |
| MIRAMED REVENUE GROUP, LLC, | ) | |
| | ) | Jury Demanded |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Celetha Chatman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Celetha Chatman ("Plaintiff'), is a resident of the State of Illinois, from whom Defendant attempted to collect an alleged debt for medical services provided to her by Community First Medical Center. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

1

4. Defendant, Miramed Revenue Group, LLC ("MiraMed"), is an Illinois limited liability company that does or transacts business here. Its registered agent is C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.

5. MiraMed is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. MiraMed holds a collection agency license from the State of Illinois.

7. MiraMed regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff and her husband were involved in a car accident in late 2019.

9. As a result of the accident Plaintiff sought medical care from Community First Medical Center.

10. The accident was deemed the fault of the other driver.

11. Plaintiff incurred an alleged debt for medical services provided by Community First ("alleged debt").

12. The alleged debt was incurred in connection with medical care provided to the Plaintiff and was not provided in connection with any business purpose.

13. The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

14. Community First notified Plaintiff by phone that she owed a balance in April 2020.

15. Plaintiff informed Community First that because another driver was at fault in the accident, all medical bills would be paid out of an insurance claim and subsequent lawsuit, and to please not contact her again regarding the alleged debt.

16. Community First stated that they would put Plaintiff on their Do Not Call list.

17. The debt subsequently remained unpaid and, according to Community First, went into default.

18. Miramed subsequently began collection activities on the alleged debt.

19. Beginning in August 2020, Miramed began leaving voicemails for Plaintiff on her cell phone.

20. In response to one of these Voicemails, on or about August 14, 2020, Plaintiff returned Miramed's call.

21. Plaintiff was connected to an agent of Miramed.

22. The agent was authorized by Miramed to attempt to collect the alleged debt on its behalf, and Miramed directed and ratified the actions taken by its agent made in connection with the collection of the alleged debt.

23. The agent attempted to collect the alleged debt from Plaintiff.

24. The agent conveyed information regarding the alleged debt, including an account balance due on the alleged debt.

25. The call was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

26. The call was Miramed's first communication with Plaintiff.

27. Miramed did not provide any notice of Plaintiff's rights to dispute the debt or her other rights provided by the Fair Debt Collection Practices Act.

28. Miramed did not mail Plaintiff a notice of these rights and has not done so to date.

29. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

30. Miramed failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. § 1692(g), when it failed to advise Plaintiff of her right to dispute an alleged debt, to request verification, and to request the name of the original creditor.

31. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

4

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Miramed as follows:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

## COUNT II—TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff re-alleges above paragraphs as set forth fully in this count.

33. Beginning in August 2020, Miramed began leaving prerecorded voicemails on Plaintiff's voicemail, directing her to contact them about an important matter.

34. To date, Plaintiff has received at least seven calls that she knows of, and continues to receive more.

35. Plaintiff is the regular carrier and exclusive user of the cellular telephone that was called.

36. Defendant's call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37. The calls Defendant made to Plaintiff violate 47 U.S.C. § 227.

38. Upon information and belief, Miramed already keeps records and data from which it can determine which phone numbers it has consent to call with a prerecorded voice but has elected not to engage such to prevent TCPA violations for business reasons.

39. Defendant knew about the TCPA before making the calls to Plaintiff but made the illegal calls to a cellular phone in spite of such knowledge.

40. Defendant also knew that it did not have "prior express consent" to call a phone number that had been obtained through skip trace or any means other than directly from the called party, or that any such consent had been revoked.

41. The telephone call was annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of Plaintiff's cellular telephone line for other potential callers.

42. The telephone call was intentionally, willfully and knowingly initiated.

43. The telephone call was not initiated by accident or mistake

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Miramed as follows:

A. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every call made using an artificial or prerecorded voice;

B. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

C. Such other or further relief as the Court deems just and proper

## JURY DEMAND

Plaintiff demands trial by jury.

By: /s/ Michael W. Drew
Plaintiff's Attorney

Michael Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhoodlegal.com